IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-01795-GPG

MARCO URIEL RODRIGUEZ HERNANDEZ,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility;
GEORGE VALDEZ, in his official capacity as Field Office Director, Denver Field Office of U.S. Immigration and Customs Enforcement;
TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as Secretary of U.S. Department of Homeland Security; and
TODD BLANCHE, in his official capacity as Attorney General of the United States.

      Respondents.

---

## ORDER

---

Before the Court are Petitioner's Motion to Enforce Court Order at ECF No. 9 (D. 11) and Unopposed Motion to Expedite Ruling on Pending Motion to Enforce (D. 14).

On May 14, 2026, the Court ordered Respondents to provide Petitioner with a bond hearing under § 1226(a) "at which Respondents bear the burden of proof of showing his continued detention is proper and was proper at the time of his arrest" (D. 9).  On May 17, 2026, Petitioner received a bond hearing in front of Immigration Judge (IJ) Bobbie C. Masters (D. 11 at 19–22).

The IJ explained that "DHS bears the burden of proof to demonstrate by a preponderance of the evidence flight risk and clear and convincing evidence that Respondent is a danger to community" (D. 11 at 20).  The IJ stated that she "carefully considered the documentary evidence"

1

and found that "DHS met its burden to prove Respondent does pose a risk of danger to persons or property" primarily based on dangers attendant to driving under the influence related to a pending DUI charge (*id*. at 21).

Petitioner argues that the government did not meet its burden by clear and convincing evidence (D. 11 at 6). He further asserts that the IJ failed to consider his evidence and that the bond hearing was procedurally unfair (*id*. at 9–13). Petitioner supplemented the record to indicate that the DUI charge had been dismissed (D. 12 at 1).

Petitioner's lead argument boils down to a disagreement with the IJ that the government's evidence related to Petitioner's DUI charge was sufficient to prove, by clear and convincing evidence, that Petitioner is a danger to community. While the Court is empowered to prescribe the applicable burden of proof an IJ must apply at a bond hearing in the name of due process, *see Barreno v. Baltasar,* No. 025-CV-03017-GPG-TPO, 2025 WL 3190936, at *2–3 (D. Colo. Nov. 14, 2025), and to ensure that its Orders are followed, it does not have the authority to proceed to apply that burden to the evidence or second-guess the IJ's application of the burden. The INA explicitly precludes judicial review of discretionary IJ decisions concerning revocation or denial of bond under 8 U.S.C. § 1226(a): "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." 8 U.S.C. § 1226(e).

Upon review of the IJ's written decision, the Court does not find there is sufficient evidence that the IJ failed to consider Petitioner's evidence or that the bond hearing was procedurally unfair. The IJ identified the applicable burden of proof (clear and convincing evidence) placed on Respondent, wrote that she "carefully considered the documentary evidence," and stated that DHS had satisfied its burden (D. 11 at 19–22). Based on the IJ's indication that she considered all

evidence presented and found that DHS had shown by clear and convincing evidence that Petitioner is a danger to community, the Court cannot say that she did not consider Petitioner's evidence or improperly applied the burden required by the Court.   Petitioner's assertions that his counsel was not permitted to make an oral argument duplicative of his written submission and that exhibits were marked differently than the order they were submitted do not show procedural improprieties amounting to a constitutional violation.

Here, the Court ordered that Respondents provide Petitioner with a bond hearing at which they bore the burden of proof, and Respondents appear to have done so.  The Court is not at liberty to revisit the IJ's particular findings.

Accordingly, Petitioner's Motion to Enforce Court Order at ECF No. 9 (D. 11) and Unopposed Motion to Expedite Ruling on Pending Motion to Enforce (D. 14) are DENIED.

DATED July 2, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

3